FARMER, C.J.
The parties to a “global settlement agreement” (GSA) in prior litigation have since sued one another yet again, each alleging breaches by the other, as well as other claims.[1] All their claims were tried nonjury. The trial court found against defendant under certain promissory notes given by plaintiff in execution of the GSA. We find error in connection with the judgment as to the promissory notes.
Under them GSA plaintiff was given control of one of the corporations with which they were all involved, and defendant was given the other. Plaintiffs corporation gave two promissory notes to defendant corporation Diamond Tree in repayment of corporate loans. The GSA also had non-monetary terms, the nature of which is immaterial to this opinion.
In addition to alleging other breaches, defendant Diamond Tree sought judgment for nonpayment of the two promissory notes. During discovery defendant requested the notes, which had been lent to the plaintiff for use in other litigation. The originals were not returned to defendant. At trial over objection from plaintiff copies were admitted into evidence.
After several days of trial, and after all parties had rested their cases, the trial judge ordered the parties to submit closing argument by written memoranda. At that point, for the first time, and without any motion or objection by plaintiff raising the issue, the judge sua sponte raised the absence of the original promissory notes, indicating that without the original notes that claim would not succeed. Following the “directive” of the trial judge, defendant thereupon filed a motion to amend the pleading to conform to the evidence adduced at trial. The motion claimed that in following the court’s directive defendant learned that one of the promissory notes had been transferred from their escrow agents to plaintiffs out-of-state counsel for use in other litigation and that they had attempted to recover that note from plaintiffs attorney.
A few days later defendant filed a supplement to the motion, stating that the notes had been lost or destroyed and that they were unable to produce the originals. They also pointed to plaintiffs trial testimony that he had executed and delivered the notes at the time of the GSA and that nothing had ever been paid on the notes. The trial court granted the motion to amend the pleadings.
In the final judgment the trial court denied any recovery under the promissory notes. The court held that the original promissory notes must be introduced or a satisfactory reason given for failure to do so and that defendants provided no evidence that the promissory notes were lost, stolen, or destroyed. Although we affirm the final judgment in all other regards, we reverse the trial court’s failure to award judgment in favor of defendant on the promissory notes.
The trial judge seems to have required more than the statute does when the origi *1143 nal of a promissory note is not available. Section 673.3091(l)(c) specifies the requirements for a holder to enforce an instrument when the original is not available:
“A person not in possession of an instrument is entitled to enforce the instrument if:
(a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.” [e.s.]
§ 673.3091(1)(c), Fla. Stat. (2004). Defendant showed that the instruments had been lent to plaintiff Matthews or one of the entities he controls for purposes unrelated to this case.
Defendant satisfied the statutory requirements prima facie. Defendant had shown an entitlement to enforce the missing notes, and their loss was not the result of a “transfer”[2] or a seizure. Defendant could not reasonably obtain the instrument when it was last known to be in the possession of plaintiff’s own attorney. The court also had all the evidence it needed to establish the terms of the instrument and defendant’s right to enforce it — in part from the trial testimony of plaintiff Matthews. If the court were worried about the emergence of the original notes in the hands of a holder after final judgment, the court had ample methods of requiring security in favor of the payor.[3]
We are also bothered by the fact that it was the trial judge who raised this issue after trial was essentially over. Plaintiff did not do so. The role of trial judges does not allow them to become advocates for one side or the other, and especially not in a nonjury trial where the judge is the decider of the claims and defenses of the parties. In this instance the judge not only raised the issue himself, but also allowed defendants to amend their pleadings to conform to the evidence as to the promissory notes. The denial of damages under the notes is contrary to the trial court’s own rulings on the issue after he had injected it into the proceedings.
We therefore reverse the denial of judgment for damages under the promissory notes and remand for further consistent proceedings. If it appears necessary to do so, the trial judge may receive additional evidence to fix the amounts due under the notes.
*1144 The GSA contained a provision for attorneys fees in favor of the prevailing party in any litigation arising from it. The trial judge determined that plaintiff, who recovered only nominal damages on his breach of the GSA claim, should be deemed the prevailing party, and awarded fees accordingly. The court denied fees to the defendants, for whom the trial court awarded nothing on their claims involving breach of the same agreement and nonpayment of the promissory notes they received from plaintiff thereunder. By our decision today, however, we have determined that defendants are entitled to recover damages under the promissory notes.
The testimony at trial was essentially undisputed that the notes were the heart of the bargain for defendants under the GSA. Plaintiff recovered only $1 on his claim of breach, however, while defendants will now recover the full amount of the promissory notes they received under the GSA. As a matter of law that makes the defendants the prevailing party. We therefore reverse the award of attorneys fees in favor of plaintiff and the denial of fees in favor of defendants. Defendants are also the prevailing party on this appeal. We direct the trial court to award attorneys fees to defendants for the trial court as well as for this appeal.
In all other respects not discussed in this opinion, the final judgment is affirmed.
GROSS and MAY, JJ., concur.

. Although there are three defendants we shall refer to them collectively as "defendant” unless the context otherwise requires.

. See § 673.2031(1), Fla. Stat (2004) ("An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.”).

. See § 673.3091(2), Fla. Stat. Ann., Comment ("Under Section 3-309 adequate protection is a flexible concept. For example, there is substantial risk that a holder in due course may make a demand for payment if the instrument was payable to bearer when it was lost or stolen. On the other hand if the instrument was payable to the person who lost the instrument and that person did not indorse the instrument, no other person could be a holder of the instrument. In some cases there is risk of loss only if there is doubt about whether the facts alleged by the person who lost the instrument are true. Thus, the type of adequate protection that is reasonable in the circumstances may depend on the degree of certainty about the facts in the case.1').