ORFINGER, C.J.
John Falwell appeals his conviction of aggravated battery. Falwell argues that the trial court erred in denying his motion for statutory immunity from prosecution under sections 776.032, 776.012 and 776.013, Florida Statutes (2010), the justifiable use of force and “stand your ground” statutes, and that the self-defense jury instruction was fundamentally erroneous. Although we affirm, the jury instruction issue merits discussion.
Without an objection from Falwell, the trial court instructed the jury:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which John David Falwell is charged if the injury to Matthew Adam Alcott resulted from the justifiable use of deadly force.

Definition.

“Deadly force” means force likely to cause death or great bodily harm.
The use of deadly force is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting:
1. another’s attempt to murder him, or
2. any attempt to commit aggravated battery upon him, or
3. any attempt to commit aggravated battery upon or in any dwelling, residence, or vehicle occupied by him.
A person is justified in using deadly force if he reasonably believes that such force is necessary to prevent
1. imminent death or great bodily harm to himself or another, or
2. the imminent commission of aggravated battery against himself or another.

AGGRAVATED BATTERY

To prove the crime of Aggravated Battery, the Defendant must prove the following two elements beyond a reasonable doubt ....
(Emphasis added).
Falwell contends that he is entitled to a new trial because the trial court’s jury instruction on justifiable use of deadly force, his sole defense, improperly shifted the burden to him to prove beyond a reasonable doubt that the alleged victim had attempted to commit an aggravated battery. Jury instructions are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Westerheide v. State, 831 So.2d 93, 107 n. 19 (Fla.2002); see Walls v. State, 641 So.2d *972 381, 387 (Fla.1994); State v. Delva, 575 So.2d 643, 644 (Fla.1991).
When self-defense is asserted, the defendant has the burden of producing enough evidence to establish a prima facie case demonstrating the justifiable use of force. Montijo v. State, 61 So.3d 424, 427 (Fla. 5th DCA 2011); Fields v. State, 988 So.2d 1185, 1188 (Fla. 5th DCA 2008); see Murray v. State, 937 So.2d 277, 282 (Fla. 4th DCA 2006) (holding that law does not require defendant to prove self-defense to any standard measuring assurance of truth, exigency, near certainty, or even mere probability; defendant’s only burden is to offer facts from which his resort to force could have been reasonable). Once the defendant makes a prima facie showing of self-defense, the State has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. Fields, 988 So.2d at 1188. The burden of proving guilt beyond a reasonable doubt, including the burden of proving that the defendant did not act in self-defense, never shifts from the State to the defendant. Montijo, 61 So.3d at 427; Fields, 988 So.2d at 1188; see Mosansky v. State, 33 So.3d 756 (Fla. 1st DCA 2010) (explaining that defendant has burden to present sufficient evidence that he acted in self-defense in order to be entitled to jury instruction on issue, but presentation of such evidence does not change elements of offense at issue; rather, it merely requires state to present evidence that establishes beyond reasonable doubt that defendant did not act in self-defense); Murray, 937 So.2d at 279 (explaining that defendant in trial for aggravated battery was not required to prove self-defense claim beyond reasonable doubt or by preponderance of evidence; rather, self-defense evidence needed merely leave jury with reasonable doubt about whether he was justified in using deadly force).
Generally, it is fundamental error for the trial court to instruct the jury that the defendant has the burden to prove the basis for self-defense beyond a reasonable doubt, because it raises the possibility that the jury may apply the wrong burden of proof in convicting the defendant. Montijo, 61 So.3d at 427; Fields, 988 So.2d 1185; Novak v. State, 974 So.2d 520, 521 (Fla. 4th DCA 2008); Murray, 937 So.2d at 282. However, fundamental error can be waived when defense counsel requests an erroneous instruction, see Armstrong v. State, 579 So.2d 734, 735 (Fla. 1991), or affirmatively agrees to an improper instruction, see State v. Lucas, 645 So.2d 425, 427 (Fla.1994). See also Tindall v. State, 997 So.2d 1260, 1261 (Fla. 5th DCA 2009); Jimenez v. State, 994 So.2d 1141, 1142-13 (Fla. 3d DCA 2008); York v. State, 932 So.2d 413, 416 n. 2 (Fla. 2d DCA 2006).
Here, Falwell affirmatively agreed to the flawed jury instruction. When the instructions were read to the jury, Falwell’s counsel agreed with the State that the defense bore the burden of proof on this issue, affirmatively correcting the trial court’s original charge, which told the jury that the State bore the burden of proof on this issue:
THE COURT: ... A person is justified in using deadly force if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or the imminent commission of aggravated battery against himself or another.
To prove the crime of aggravated battery, the State must prove the following elements beyond a reasonable doubt....
[[Image here]]
[THE STATE]: Your Honor, I’m sorry to object, but I was talking to the defense. There is a burden-shifting *973 that’s not appropriate under aggravated battery here.
It shouldn’t be the State must prove because that’s something the defense must prove under this part of the instruction.
The defense would have to prove aggravated battery, I think—
[DEFENSE COUNSEL]: That’s correct.
[THE STATE]: — for self-defense.
THE COURT: Do you want me to ask the jury to be taken out at this point?
[THE STATE]: Well, no. I think that’s the — that’s the crime the defense is arguing he might have been trying to defend himself against, but it’s the defendant — I guess the burden is on the defendant, I believe, to prove that, not the State to prove what Matthew was doing.
THE COURT: The burden is on the defendant to prove self-defense.
[THE STATE]: Right. So there is a typo under that, which says the State must prove.
It should be the defendant must prove or the defense must prove that.
THE COURT: Okay. So I will strike through the word State, and I will write in the word defendant.
(Emphasis added). We view defense counsel’s statement to the court as an affirmative agreement to the jury instruction. As result, the matter cannot be raised on direct appeal. See Caldwell v. State, 920 So.2d 727, 732 (Fla. 5th DCA 2006) (“An instructional mistake does not rise to the level of fundamental error when defense counsel affirmatively requests the deletion or alteration of the jury instruction that subsequently forms the basis of the requested relief in the appellate court.”).
The fundamental error doctrine applies “only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Martinez v. State, 981 So.2d 449, 455 (Fla.2008) (quoting Smith v. State, 521 So.2d 106, 108 (Fla.1988)) (emphasis omitted). “Where the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is ‘so flawed as to deprive defendants claiming the defense ... of a fair trial.’ ” Id. (quoting Smith, 521 So.2d at 108). Whether the challenged jury instruction prejudiced Falwell must await resolution in a timely post-conviction proceeding.
AFFIRMED.
SAWAYA and EVANDER, JJ., concur.