SILBERMAN, Judge.
Tamara S. Correa seeks review of the final judgment of foreclosure entered in favor of U.S. Bank National Association. Correa argues that U.S. Bank failed to provide adequate notice of trial and failed to present sufficient evidence to reestablish the lost note. While Correa has waived the notice issue, we agree that U.S. Bank failed to meet its burden of proof to reestablish the lost note. Accordingly, we reverse.
In 2007, Indymac Bank filed a foreclosure complaint against Correa and others that also included a count to reestablish and enforce a lost note and mortgage. Indymac obtained a clerk’s default in early 2008, but it failed to obtain a default judgment. The proceedings were then delayed by a bankruptcy action filed by Correa in July 2009. In early 2010, Indymac assigned the mortgage to OneWest Bank, and OneWest filed an amended complaint but did not seek to reestablish the note and mortgage. OneWest assigned the mortgage to U.S. Bank later that year, and U.S. Bank filed a second amended complaint with a copy of the note and mortgage but without a count to reestablish the note and mortgage. U.S. Bank filed a third amended complaint in December 2011 and added a count to enforce the lost note.[1] A copy of the lost note was attached to this complaint. The trial court entered an order directing the defendants to respond to the third amended complaint.
Although the record does not reflect the filing of any responses, trial was set for February 20, 2012. But there was some confusion regarding whether the trial was scheduled to start at 9:00 a.m. or 1:30 p.m. Correa appeared at 9:00 a.m., but counsel for U.S. Bank did not have its witness scheduled to arrive until 1:30 p.m. The court indicated it would recall the case at 1:30 p.m., but Correa said she did not have childcare available during that time period. Both parties agreed to continue the trial to *954 March 19, 2012, and counsel for U.S. Bank sent Correa a written notice of nonjury trial on February 27, 2012.
At trial, U.S. Bank’s sole witness was Alex Gomez, an employee of U.S. Bank’s servicer, Indymac Mortgage Services. Gomez identified a copy of the note and mortgage, the loan payment history, and the assignments. Gomez testified that Correa had defaulted on the note in May 2007 and owed $625,625.67. Gomez also verified that U.S. Bank had sent Correa a demand letter. Counsel then stated that U.S. Bank had no further questions. The court pointed out that U.S. Bank had also filed a claim to reestablish a lost note. Counsel for U.S. Bank then resumed questioning as follows:
Q. Can you tell us about the lost note? Do you know how it was lost?
A. I do not.
Q. Do you know if it was ever assigned to anyone or sent to anyone as part of an agreement?
A. I do not.
Q. Do you know whether the lost note is inclusive with the mortgage? Was it assigned at the same time, to your knowledge?
A. Yes.
[U.S. BANK’S COUNSEL]: Judge, do you require anything else?
THE COURT: No explanation as to how it got lost?
THE WITNESS: No, ma’am.
Q. Do you have any explanation at all?
A. No. I’m not aware of how it was lost, Your Honor.
Correa appeared pro se and focused most of her cross-examination on the issues of Indymac Bank’s standing to file the original complaint and the amount due. When Correa inquired about the circumstances regarding the loss of the note, Gomez could not add anything to his testimony on direct that he did not know how or when the note was lost.
On redirect, counsel for U.S. Bank introduced the loan payment history into evidence as exhibit 1. Counsel also solicited Gomez’s testimony that OneWest was entitled to enforce the note when it was lost. When counsel asked Gomez what led him to that belief, Gomez replied, “As servicer of the note, it is endorsed in blank. All the assignments and mortgage are in place.” After the close of evidence, the trial court permitted counsel for U.S. Bank to reopen its case and enter the demand letter into evidence. But counsel never entered the copy of the lost note or any assignments into evidence. The court found Gomez’s testimony sufficient to reestablish the lost note and entered a final judgment of foreclosure.
Correa raises two arguments on appeal. First, Correa argues that the trial court erred in setting the case for trial without providing her thirty days of written notice as required by Florida Rule of Civil Procedure 1.440(c). However, Cor-rea waived the notice requirements of rule 1.440(c) by agreeing to the rescheduled trial date and proceeding at trial without objection. See Zumpf v. Countrywide Home Loans, Inc., 43 So.3d 764, 766-67 (Fla. 2d DCA 2010) (holding that appellant waived any objection under rule 1.440(c) by fully participating in the hearing without objection).
Second, Correa argues that U.S. Bank failed to present sufficient evidence to reestablish the lost note. U.S. Bank responds that the issue cannot be reviewed because Correa did not object to the testimony regarding the lost note. We conclude that Correa has not waived review of the sufficiency of the evidence by failing to make an objection on this exact basis at the bench trial. See Fla. R. Civ. P. 1.530(e) (“When an action has been tried *955 by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.”).
For the requirements to reestablish a lost note we look to section 673.3091, Florida Statutes (2007). Section 673.3091(1) provides as follows:
(1) A person not in possession of an instrument is entitled to enforce the instrument if:
(a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
Section 673.3091(2) requires a person seeking enforcement of a lost, destroyed, or stolen instrument to “prove the terms of the instrument and the person’s right to enforce the instrument” under section 673.3091(1). It also provides that a court may not enter judgment enforcing a lost, destroyed, or stolen instrument “unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument.” Id.
In this case, U.S. Bank proved that the note was lost under section 673.3091(l)(c) and that it “acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred” under section 673.3091(l)(a). However, U.S. Bank failed to prove the terms of the note under section 673.3091(2) or its right to enforce the note under section 673.3091 (l)(b). As for the terms of the note, U.S. Bank did not question Gomez on these specifies. And although Gomez identified a copy of the lost note, U.S. Bank did not enter the document into evidence. See Beaumont v. Bank of N.Y. Mellon, 81 So.3d 553, 555 n. 2 (Fla. 5th DCA 2012) (holding that the plaintiff did not present competent evidence of an assignment because, even though the document was contained in the record, it was not entered into evidence at trial). Further, nothing in the record reflects any admission by Correa as to the terms of the note.
Under subsection (l)(b), U.S. Bank was required to prove that “[t]he loss of possession was not the result of a transfer by the person or a lawful seizure.” § 673.3091(1)(b). Gomez did not address this requirement and apparently could not make any such assertion because he had no knowledge of the circumstances of the loss. In fact, when counsel for U.S. Bank asked Gomez whether he knew if the note was ever assigned or transferred to anyone else, Gomez replied that he did not. Cf. Deakter v. Menendez, 830 So.2d 124, 128 (Fla. 3d DCA 2002) (concluding that the plaintiff met the requirements of section 673.3091(l)(b) by averring under oath that the original note was lost or destroyed and he did not assign or transfer it). Gomez admitted that he had no idea how or when the note was lost, and he did not know if the loss occurred while OneWest was in possession of it.
*956 Having determined that U.S. Bank failed to present sufficient evidence to reestablish the lost note,[2] the next question is the appropriate disposition of this case. Correa asserts that this court should reverse and remand with directions for the trial court to enter an involuntary dismissal of the complaint. But Correa also concedes that there is authority reversing and remanding under similar circumstances with directions for the court to afford the plaintiff another opportunity to reestablish a lost note. See Guerrero v. Chase Home Fin., LLC, 88 So.3d 970 (Fla. 3d DCA 2012).
“[AJppellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof.” Morton’s of Chi., Inc. v. Lira, 48 So.3d 76, 80 (Fla. 1st DCA 2010). “The primary function of this court is to correct errors committed by the lower tribunal, not to serve as a conduit for unnecessarily protracted, piecemeal litigation.” Id. (citation omitted); see also Carlough v. Nationwide Mut. Fire Ins. Co., 609 So.2d 770, 771-72 (Fla. 2d DCA 1992) (“[U]pon remand, Nationwide should not be given a second bite at the apple to present evidence which it failed to produce at the scheduled eviden-tiary hearing.”); State ex rel. City of Naples v. Cooper (In re Forfeiture of 1987 Chevrolet Corvette), 571 So.2d 594, 596 (Fla. 2d DCA 1990) (holding that a forfeiture defendant failed to meet his burden of rebutting the sheriffs probable cause showing and declining to afford the defendant “a second bite at the apple by way of a new hearing”); Teca, Inc. v. WM-TAB, Inc., 726 So.2d 828, 830 (Fla. 4th DCA 1999) (rejecting the argument that a plaintiff is entitled to have “a second bite at the apple when there has been no proof at trial concerning the correct measure of damages”).
We are not persuaded that the Third District’s decision in Guerrero supports a departure from this principle. In Guerrero, counsel for the plaintiff informed the court at trial that it could not find the original note and mortgage and sought to amend the complaint to add a lost note claim. 83 So.3d at 972. The defendants objected, and the court reserved ruling and took testimony. At the close of testimony, the defendants argued that the court should enter judgment in their favor because the plaintiff had not properly asserted its lost note claim and failed to present sufficient evidence to reestablish the lost note. Id. at 973. Even though the trial court never ruled on the plaintiffs request to amend, it rejected these arguments and entered the foreclosure judgment.
The Third District held that it was error to enter a foreclosure judgment without a proper reestablishment of the note and mortgage. Id. However, the court also *957 concluded that the trial court had the authority to allow the plaintiff to amend to add the lost note claim at trial. The court therefore reversed and remanded with directions for the trial court to allow the plaintiff to properly reestablish the note and mortgage “this time on a proper pleading, naming the appropriate parties, and upon competent evidence.” Id.
While the facts and procedural posture of Guerrero are in some respects similar to those in this case, Guerrero is distinguishable because the plaintiff asserted the lost note claim for the first time at trial and the court never ruled on the motion to amend the complaint. Thus, remand was necessary for proper amendment and proceedings on the amended claim. At the time of trial in this case, the lost note claim had languished with minimal prosecution for over four years. Counsel for U.S. Bank should have been fully aware of its burden to reestablish the lost note and fully prepared to meet that burden, yet it made minimal effort to address this issue even after prodding by the trial court. There is simply no reason to afford it a second opportunity to prove its case. Accordingly, we reverse and remand with directions for the trial court to enter an involuntary dismissal of the complaint.
Reversed and remanded with directions.
NORTHCUTT and LaROSE, JJ., Concur.

. In the third amended complaint, U.S. Bank omitted any reference to the mortgage being lost.

. We also note that the trial court erred by failing to determine whether "the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument,” as required by section 673.3091(2). See Beaumont, 81 So.3d at 555. The concept of adequate protection is important in cases such as this in which the note is endorsed in blank and there is uncertainty regarding the circumstances surrounding the loss of the note. See Connelly v. Matthews, 899 So.2d 1141, 1143 n. 3 (Fla. 4th DCA 2005). If the court is concerned that another person might attempt to enforce the original note, it may require security in favor of the payor to ensure adequate protection. Id. at 1143. Although there was sufficient evidence [or the court to have addressed this issue, see id. at 1143 n. 3, it failed to do so. However, Correa has not preserved review of this error because she did not raise the issue or object on this basis in the trial court.