[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12879
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01419-JSM-TGW

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation, as
successor-in-interest to Colonial Bank by
asset acquisition from the FDIC as Receiver
for Colonial Bank, successor by merger to
Citrus and Chemical Bank,

                                                    Plaintiff–Appellee,

versus

S&S DEVELOPMENT, INC.,
a Florida corporation,
BRIAN K. SWAIN,
individually,
DONALD K. STEPHENS,
individually,

                                                    Defendants–Appellants.

_____

No. 14-13914
Non-Argument Calendar
_____

D.C. Docket No.  8:13-cv-01419-JSM-TGW


BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation, as
successor-in-interest to Colonial Bank by
asset acquisition from the FDIC as Receiver
for Colonial Bank, successor by merger to
Citrus and Chemical Bank,

                                                                       Plaintiff–Appellee,


versus


S&S DEVELOPMENT, INC.,
a Florida corporation,
BRIAN K. SWAIN,
individually,
DONALD K. STEPHENS,
individually,

                                                                       Defendants–Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 26, 2015)

Before MARTIN, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

S&S Development, Inc., Brian K. Swain, and Donald K. Stephens appeal the district court's grant of summary judgment to Branch Banking and Trust Company (BB&T) in this breach-of-contract lawsuit.  This dispute arises from BB&T's attempt to enforce the terms of a promissory note.  In 2006, Citrus and Chemical Bank issued a $1.9 million promissory note to S&S Development, and both Swain and Stephens executed personal guarantees to pay all amounts due on that note.  Shortly after that, Citrus and Chemical Bank merged with Colonial Bank.  Colonial Bank then failed, entered into FDIC receivership, and sold the promissory note to BB&T.  Meanwhile, S&S Development had stopped making payments to Colonial Bank.  As a result, once BB&T bought the promissory note, it filed this lawsuit to collect the remaining balance.

S&S Development, Swain, and Stephens agree that they have not made any payments on the note in nearly seven years.  They also do not contest the validity of the transactions through which BB&T acquired the note.  Nonetheless, they argue that the district court's grant of summary judgment was in error because BB&T does not have standing to enforce the note under Fla. Stat. § 673.3091(1),

3

did not provide adequate protection against third-party claims under Fla. Stat. § 673.3091(2), and had unclean hands.  We reject these arguments and affirm.[1]

## I.

We first address appellants' argument that BB&T does not have standing. Under Florida law, a person does not have standing to enforce a promissory note unless she (1) produces the original promissory note or (2) "reestablishe[s]" the note by satisfying the requirements of Fla. Stat. § 673.3091(1).  Perry v. Fairbanks Capital Corp., 888 So. 2d 725, 727 (Fla. 5th DCA 2004).  BB&T does not have the original S&S Development promissory note.  Therefore, it cannot enforce the note unless it satisfies the following three conditions of Fla. Stat. § 673.3091(1):

> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

---

[1] Before the district court, S&S Development also argued that BB&T unreasonably failed to mitigate its damages.  On appeal, however, it argues only that the district court erred by finding that it did not have jurisdiction to consider this defense.  However, the district court made no such ruling.  Instead, it found that appellants had "not produced sufficient evidence to support" its failure-to-mitigate defense.  Thus, this argument is meritless.  And because S&S Development neither advances any argument regarding the district court's actual finding nor points to any record evidence supporting its failure-to-mitigate defense, it has abandoned that argument.  See Greenbriar Vill., L.L.C. v. Mountain Brook, 345 F.3d 1258, 1262 n.2 (11th Cir. 2003) (per curiam).

(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

A party can establish that it has standing by stating under oath that it meets these requirements.  See, e.g., Connelly v. Matthews, 899 So. 2d 1141, 1142–43 (Fla. 4th DCA 2005); Deakter v. Menendez, 830 So. 2d 124, 127 (Fla. 3d DCA 2002) (stating that the party seeking to enforce a promissory note "stated under oath that the . . . note was either inadvertently destroyed or lost, which is all the statute requires").

Here, BB&T submitted the affidavit of Esteban Nunez, one of its vice presidents, which stated that (1) "BB&T was entitled to enforce the Note when loss of possession occurred, or has directly or indirectly acquired ownership of the Note from a person . . . or entity who was entitled to enforce the instrument when loss of possession occurred"; (2) "[t]he loss of possession of the Note was not the result of a transfer by BB&T, or the result of a lawful seizure"; and (3) "BB&T cannot reasonably obtain possession of the Note because its whereabouts cannot be determined."  This is precisely what is required by the statute, and appellants have pointed to no evidence calling into question the accuracy of Nunez's testimony. Instead, they contend that the affidavit is insufficient because it does not describe the "factual circumstances" surrounding BB&T's failure to produce the original

5

promissory note.  However, under Florida law, "[t]here is no requirement that [BB&T] prove exactly how [it] lost possession of the note," as long as its affidavit, on its face, meets the requirements of Fla. Stat. § 673.3091(1).  Deakter, 830 So. 2d at 127; see also Connelly, 899 So. 2d at 1143 (holding that the party seeking to enforce a promissory note had "satisfied the statutory requirements [of § 673.3091(1)] prima facie").  BB&T has met its burden and has standing to enforce the promissory note.

## II.

We turn next to the issue of adequate protection.  Where, as here, a person seeks to enforce a promissory note but cannot produce the original, "[t]he court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument." Fla. Stat. § 673.3091(2).  The reason for this requirement is that in some instances, there may be questions about the legitimacy of a promissory note.  See Correa v. U.S. Bank N.A., 118 So. 3d 952, 956 n.2 (Fla. 2d DCA 2013) (observing that adequate protection may be important "where the note is endorsed in blank and there is uncertainty regarding the circumstances surrounding the loss of the note"). In this type of case, a court may have a legitimate concern that a third party will later surface and try to enforce the same promissory note.  Id.  But because this

6

concern does not arise in every case, "adequate protection is a flexible concept" and "depend[s] on the degree of certainty about the facts in the case." Connelly, 899 So.2d at 1143 n.3 (quotation omitted).

The district court did not err by finding that appellants were adequately protected against later third-party claims. BB&T proved that it purchased S&S Development's promissory note from the FDIC. It is also undisputed that both of BB&T's predecessors in interest—Colonial Bank and Citrus and Chemical Bank— went out of business. On the facts of this case, appellants therefore have not shown that there is any uncertainty regarding BB&T's right to enforce this promissory note, or that there is any risk that a third-party will later try to enforce the same note. We affirm the district court's finding that no additional protection against later third-party claims is required.

### III.

Finally, we address whether BB&T had unclean hands. Appellants argue that BB&T cannot enforce the promissory note because its predecessor-in-interest, Colonial Bank, failed to provide S&S Development with additional funding, even though it was required to do so under the terms of the note.

Even assuming that Colonial Bank's breach of contract can be raised against BB&T, it is insufficient to establish unclean hands. "Unclean hands is an equitable defense that is akin to fraud; its purpose is to discourage unlawful activity." Cong.

Park Office Condos II, LLC v. First-Citizens Bank & Trust Co., 105 So. 3d 602, 609 (Fla. 4th DCA 2013) (quotation omitted).  Thus, although "[a] failure to comply with the material terms of a loan document may be a breach of contract, and it may not be nice, . . . it does not amount to unclean hands."  Id. at 610.

**AFFIRMED.**