DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO BANK, N.A.,**
Appellant,

v.

**MARGARETH F. BRICOURT** and **STEPHANIE J. BRICOURT,**
Appellees.

No. 4D19-325

[February 12, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. CACE16-009010.

William J. Simonitsch and Stephen A. McGuinness of K&L Gates LLP, Miami, for appellant.

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellees.

DAMOORGIAN, J.

Wells Fargo Bank, N.A. ("the Bank") appeals a judgment in favor of Appellees, Margareth F. Bricourt and Stephanie J. Bricourt ("Borrowers"). The Bank argues the court erred in applying the wrong legal standard for reestablishing a lost note under § 673.3091(1)(c), Florida Statutes (2019), and that it met its burden of proof to reestablish its lost note. Borrowers counter that the generalized testimony of the witness was insufficient to reestablish the Bank's lost note.[1] Finding merit in the Bank's argument, we reverse and remand for entry of judgment in favor of the Bank.

By way of background, in 2009, the Bank filed its first foreclosure action against Borrowers. The original promissory note was filed in the case with the clerk of court. A foreclosure judgment was subsequently entered. Prior to the foreclosure sale, the parties agreed to a loan modification and the Bank dismissed its foreclosure action. The clerk's

---

[1] Borrowers also argue that the Bank abandoned its argument that the witness' testimony satisfied the lost note requirements. Our review of the record leads us to the opposite conclusion that the matter was preserved.

notes in that foreclosure case reflected that the original note was returned to the Bank in 2011 without stating to whom the note was sent. A few years later, the parties entered into a second loan modification. Borrowers breached that loan modification agreement, and in 2016 the Bank filed its second foreclosure action against Borrowers.

The second foreclosure action is the genesis of this appeal. The Bank alleged the original note had been inadvertently lost, misplaced or destroyed. Attached to the complaint was a copy of the note, which included a special indorsement from the original lender to the Bank, and a second indorsement in blank from the Bank. Also attached was a Lost Note Affidavit.

The matter proceeded to a bench trial where the Bank presented its case through the testimony of a loan verification analyst ("the witness"). The witness testified that the location of the original note was unknown and that she examined the Bank's records and was "not able to find any records that show receipt of the original note" after the first foreclosure case was dismissed in 2011. Upon discovering that the original note had been lost, the witness testified that the Bank conducted a diligent search which the witness described as follows:

> A due diligence audit is done. We first check the servicing facility vault to see – to make sure the note is not there. We also check any boxes – storage on behalf of the custodial boxes. We check with prior attorneys, current attorneys.
>
> So, we do a very in depth research in an effort to locate the note. If one is not found, then an affidavit is produced or, you know, we advise our Counsel of record at the time that the note is lost and seek advice.

The witness testified that she personally conducted an investigation to look for the lost note in preparation for trial. The witness further testified that there was no record reflecting that the original note had been transferred or seized. She testified to the terms of the note and that the Bank would agree to indemnify Borrowers in the event the original note was found and another party attempted to enforce it.

In addition to the aforementioned testimony, the Bank introduced into evidence: (1) a report from the Bank's record confirming that it had possession of the original note before filing its first foreclosure action in 2009; (2) the clerk's docket entries from the first foreclosure action to establish the last time the Bank had physical possession of the original

2

note, as well as the date the clerk "[r]eturned" it to the Bank; (3) a copy of the original note with a blank endorsement, the assignment of the mortgage and note, and both loan modification agreements.

Borrowers did not present any evidence contradicting the Bank's testimony regarding the procedures and steps taken to search for the original note. The court denied the Bank's request to admit the Lost Note Affidavit into evidence. At the close of evidence, the court found that the Bank was "entitled to enforce the instrument when loss of possession occurred" and that loss of possession was not the result of transfer by the Bank or lawful seizure. However, the court found that the witness did not explain "how she searched for the note" and "the substantive nature of the search" to satisfy section 673.3091(1)(c), Florida Statutes (2019). The court entered a judgment for Borrowers, and this appeal follows.

It is well established that "a plaintiff in a foreclosure action must establish its standing both at the time the complaint was filed and when judgment is entered." *Spicer v. Ocwen Loan Servicing, LLC*, 238 So. 3d 275, 278–79 (Fla. 4th DCA 2018). "One way a foreclosure plaintiff may establish standing is by proving that the borrower's note is lost and that the plaintiff is entitled to enforce the lost note pursuant to section 673.3091, Florida Statutes." *Deutsche Bank Nat'l Tr. Co. v. Smith*, 276 So. 3d 315, 317–18 (Fla. 4th DCA 2019). Section 673.3091, Florida Statutes, sets forth the requirements for enforcement of a lost note:

> (1) A person not in possession of an instrument is entitled to enforce the instrument if:
>
> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
>
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, s. 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

§ 673.3091(1)–(2), Fla. Stat. (2019). "A party seeking to reestablish a lost note may meet these requirements either through a lost note affidavit or by testimony from a person with knowledge." *Home Outlet, LLC v. U.S. Bank Nat'l Ass'n*, 194 So. 3d 1075, 1078 (Fla. 5th DCA 2016). At issue in this case is the requirement of subsection 673.3091(1)(c), Florida Statutes.

Here, through the witness' testimony and unrebutted documentary evidence, the Bank established the following: (1) the last time it had physical possession of the original note, as well as the date it was "returned" from the clerk, showing the Bank was entitled to enforce the note at the time it was lost; (2) there were no records reflecting that the original note had been transferred or seized; (3) the Bank agreed it would indemnify the Borrowers in the event the original note was found and another party attempted to enforce it; and (4) the Bank conducted a thorough examination of its records, and followed procedures to locate the lost note, which included examining the servicing facility vault and custodial boxes, and checking with other persons who may be in possession of the note, including attorneys involved with the prior foreclosure proceeding.

In *U.S. Bank, Nat'l Ass'n v. Angeloni*, 199 So. 3d 492, 493–94 (Fla. 4th DCA 2016), we held that the following similar witness testimony and evidence was sufficient to meet the statutory requirements of reestablishing a lost note:

The originals of the note and blank-indorsed allonge were sent to a law firm in 2006, prior to the filing of the original complaint. The witness had searched for the original note in the law firm's vault and mortgage room, verified that the original had not been filed with the court, and instituted a custodial search with the employees of the firm, but the note could not be located. The bank's witness testified that the note

4

was *not* lost due to a transfer by LaSalle or a lawful seizure and that the bank was willing to indemnify anyone if a third-party were to attempt to enforce the note.

Further, it is sufficient for the witness to simply testify that he or she conducted a search for the lost note but could not locate it. *See Connelly v. Matthews*, 899 So. 2d 1141, 1143 (Fla. 4th DCA 2005) (finding that section 673.3091(1)(c), Florida Statutes, was satisfied with testimony that the document was lent for purposes unrelated to the case). Other courts have also held the same. *See Boumarate v. HSBC Bank USA, N.A.*, 172 So. 3d 535, 537 (Fla. 3d DCA 2015) (there is no statutory requirement for the bank to establish "exactly when, how, and by whom the note was lost."); *Deakter v. Menendez*, 830 So. 2d 124, 127 (Fla. 3d DCA 2002) (stating that the party seeking to enforce a promissory note "stated under oath that the . . . note was either inadvertently destroyed or lost, which is all the statute requires.").

Based on the unrebutted testimonial and documentary evidence introduced at trial, the Bank met its statutory burden of proof and is entitled to enforcement of its lost note and a judgment of foreclosure. Accordingly, we reverse the judgment in favor of the Borrowers and remand for entry of judgment of foreclosure in favor of the Bank.

*Reversed and remanded.*

GROSS and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**