# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-1921
Lower Tribunal No. 2024-CA-005867

_____

CYNTHIA HARRIS,

Appellant,

v.

GLEN GILZEAN, in his official capacity as Orange County Supervisor of Elections, and DAN HELM, individually,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Lisa T. Munyon, Judge.

October 16, 2024

PER CURIAM.

Cynthia Harris appeals a final declaratory judgment disqualifying her as a candidate for the office of Orange County Supervisor of Elections in the General Election of November 5, 2024, for her failure to pay the qualifying fee as provided in section 99.061(7)(a)1., Florida Statutes (2023) ("Failure to pay the fee as provided in this subparagraph shall disqualify the candidate."). Harris raises three issues in this expedited appeal: the trial court's interpretation of section 99.061(7)(a)1.; the standing of appellee and opposing candidate Dan Helm to file the action below; and the trial court's compliance with Florida Rule of Civil Procedure 1.440. We cannot

reach the merits of these issues as argued by Harris, however, because she did not preserve the arguments in the trial court.[1] *See Doorbal v. State*, 983 So. 2d 464, 492 (Fla. 2008) ("For an issue to be preserved for appeal, it must be presented to the lower court, and the specific legal argument or ground to be argued on appeal must be part of that presentation."); *Krivanek v. Take Back Tampa Pol. Comm.*, 625 So. 2d 840, 842 (Fla. 1993) ("The issue of standing should have been raised as an affirmative defense before the trial court, and [appellant's] failure to do so constitutes a waiver of that defense, precluding her from raising that issue now."); *Joli v. Hannon*, 336 So. 3d 343, 344 (Fla. 3d DCA 2021) (holding putative mayoral candidate's argument on appeal that city clerk lacked standing to challenge her qualification was waived because she did not object to clerk's standing below); *Correa v. U.S. Bank N.A.*, 118 So. 3d 952, 954 (Fla. 2d DCA 2013) ("[Appellant]

---

[1] Harris raised the issue of Helm's standing for the first time in a motion to the trial court for rehearing following the final judgment, which the trial court summarily denied. It was within the trial court's discretion to decline to consider a new argument on rehearing. *See Fitchner v. Lifesouth Cmty. Blood Centers, Inc.*, 88 So. 3d 269, 278 (Fla. 1st DCA 2012). Even if her argument had been timely, however, it was insufficient to preserve the standing argument she makes on appeal. This is because her argument below consisted almost entirely of lengthy, verbatim quotations from a First District case, *Torres v. Shaw*, 345 So. 3d 970 (Fla. 1st DCA 2022), which held there is no standing for general voters or political parties to challenge the qualifications of a congressional candidate under section 99.061(7) but distinguished "mandamus and declaratory actions where *plaintiff-candidates* and plaintiff-election officials have questioned what the elections law requires, or where disputes have arisen about candidates meeting substantive constitutional or statutory qualifying requirements." 345 So. 3d at 976 (emphasis added).

waived the notice requirements of rule 1.440(c) by agreeing to the rescheduled trial date and proceeding at trial without objection.").

Even if we could review the trial court's interpretation of section 99.061(7)(a)1. on Harris's framing of the issue, we would find the trial court's interpretation correct and its factual determinations supported by competent, substantial evidence. *See Gator Coin II, Inc. v. Fla. Dep't of Bus. & Prof'l Reg.*, 254 So. 3d 1113, 1115 (Fla. 1st DCA 2018) ("On review of a declaratory judgment, we defer to the trial court's factual findings if supported by competent, substantial evidence, but review conclusions of law de novo."); *Borden v. E.-European Ins. Co.*, 921 So. 2d 587, 591 (Fla. 2006) (legal questions of statutory interpretation are reviewed de novo).

AFFIRMED.

STARGEL, SMITH and GANNAM, JJ., concur.


Cynthia Harris, Orlando, pro se.

Michael A. Sasso and Xixi Li, of Sasso & Sasso, P.A., Winter Park, for Appellee, Glen Gilzean, in his official capacity as Orange County Supervisor of Elections.

Dan Helm, of Dan Helm Law Practice, Orlando, and Wilbert R. Vancol, of McEwan, Martinez, Dukes, Hall & Vancol, P.A., Orlando, for Appellee, Dan Helm, individually.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED