977 So.2d 572 (2007)
Ernest Charles DOWNS, Appellant,
v.
STATE of Florida, Appellee.
No. SC04-345.
Supreme Court of Florida.
December 13, 2007.
Rehearing Denied March 11, 2008.
Jefferson W. Morrow, Jacksonville, FL, for Appellant.
Bill McCollum, Attorney General, and Meredith Charbula, Assistant Attorney General, Tallahassee, FL, for Appellee.
PER CURIAM.
This case is before the Court upon review of an order denying postconviction relief in a capital murder proceeding. We have jurisdiction. See article V, § 3(b)(1), Fla. Const. We affirm the trial court's denial of a successive motion for postconviction relief filed by appellant, Ernest Charles Downs, in this 1977 murder case.
Initially, Downs takes issue with the trial court's response to a question from the jury that convicted him of first-degree murder. Downs asserts that his indictment for first-degree murder stated that he "unlawfully and from a premeditated design to effect the death of Forrest J. Harris, Jr., a human being, did kill the said Forrest J. Harris, Jr., by shooting him to death with a pistol, and in the course of committing said murder, carried a firearm or other deadly weapon, to-wit: a pistol, contrary to sections 782.04 and 775.087, Florida Statutes." Downs then notes that, at the close of the guilt phase, the judge gave the jury a specific instruction on the use of a firearm[1] and then explained the verdict form, which required the jury to decide if Downs was guilty of first, second, or third-degree murder or manslaughter, and also required them to find if he did or did not use a firearm. *573 During deliberations the jury asked the trial judge to answer a question:
In regard to the question as to whether the defendant did or did not use a firearm, must the defendant be guilty of actually pulling the trigger, or is he guilty of using the firearm through association of being an accomplice in a murder of which a firearm was used?
The record indicates that, once the jury gave the judge the question, the jury was excused and counsel for both parties remained to discuss the question. The judge then asked to meet with counsel in chambers to discuss a proper way for responding to the jury. After deliberating, the judge and the attorneys returned to the courtroom and called for the jury to return. At that point, the judge asked the jury if the question was in regards to the standard jury instruction on "felony aggravated by a weapon," and the jury replied affirmatively. Conferring at the bench, the State noted that the question had to do with the statutes that mandated an additional mandatory three-year sentence if a firearm is used in a felony, and the State suggested that the part of the verdict form referring to the carrying of a firearm and the mandatory three-year sentence be deleted. The court clarified that the State meant the part about use or non-use of a firearm, and, thereafter, both attorneys, including defense counsel, agreed the trial court could so instruct the jury. The judge then told the jury,
As you recall, the verdict form has, as to count one, a number of choices, and then it says further, did the defendant use or not use a firearm. We are asking at this time that you delete, "Did use a firearm or did not use a firearm." Just totally disregard that from your consideration at this point. All you need to do is find a verdict as to count one, and your verdict as to that count, and as to count two and your verdict as to that count.
Downs now argues that the judge should have answered the jury's submitted question in the negative. He submits that, by instructing the jury to disregard the finding as to the use of the handgun, the jury was essentially instructed to totally disregard whether or not Downs shot and killed Harris as charged in the indictment. According to Downs, the trial judge's instructions were a "fatal variance" that amounted to a constructive amendment of his murder indictment, and that it relieved the State of its duty of proving all the elements of the offense and relieved the jury of its initial instruction to find Downs guilty beyond a reasonable doubt of all the essential elements charged in the indictment.
Downs presented this claim below as a Florida Rule of Criminal Procedure Rule 3.800 "Motion to Correct Defendant's Death Sentence to Life, if Not Just 30 Years for Conspiracy." In finding that Downs was not entitled to relief, the lower court first found that Downs' sentence was not "illegal" as the term has been defined by this Court and thus he could not seek relief pursuant to rule 3.800. The court also found that the claim could not be pursued under Florida Rule of Criminal Procedure 3.850 because it would be both untimely and barred as an issue that should have been raised on direct appeal.
We find no error in the trial court's rejection of this claim. First, Downs could not assert this claim under rule 3.800 since the rule plainly states that it is inapplicable in cases where the death sentence has been imposed. See Fla. R.Crim. P. 3.800(b). Second, as noted by the trial court, Downs faces a significant procedural bar under Florida Rule of Criminal Procedure 3.851, in that he' has not properly established why this claim was not raised *574 earlier, or why it could not have been raised on direct appeal.
Regardless, as the State notes, this Court in Cox v. State, 819 So.2d 705, 715 (Fla.2002), held that "[u]nder Florida law, `[a] party may not invite error and then be heard to complain of that error on appeal' Id. (quoting Pope v. State, 441 So.2d 1073, 1076 (Fla.1983)). As in Cox, the "error" Downs asserts was fully discussed by defense counsel, the state attorneys, and the trial judge before all parties agreed to deleting the firearm language.
As to its merits, relief is still properly denied on this claim. The deleted language from the verdict form concerned a sentencing enhancement provision provided in section 775.087, Florida Statutes (Supp.1976), and did not constitute an essential element of first-degree murder. In charging the jury, the judge stated:
The defendant, Ernest Charles Downs, is charged with the crime of murder in the first degree in that on April 23, 1977, in the County of Duval, State of Florida, did unlawfully and from a premeditated design to effect the death of Forrest J. Harris, Jr., a human being, did kill the said Forrest J. Harris, Jr. by shooting him to death with a pistol, and in the course of committing said murder carried a firearm or other deadly weapon, to wit: a pistol, contrary to Section 782.05[sic] and 775.087, Florida Statutes.
Carrying a weapon in the course of committing the crime was not an essential element of first-degree murder. Hence, the deletion of the sentence enhancement provisions of section 775.087 had no impact on the validity of the murder charge or conviction. Given" that the jury returned a guilty verdict on the charge of murder in the first degree after being instructed on all elements of that charge, Downs' argument that the judge somehow removed an element of the crime from the jury's consideration is without merit.
Downs also contends that his death sentence is invalid under the holding in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). However, this Court has held that Ring may not be applied retroactively in postconviction proceedings. See Johnson v. State, 904 So.2d 400 (Fla.2005). The remainder of the issues raised by Downs were not asserted in the trial court and, hence, may not be asserted here. For all of the reasons set out above we affirm the trial courts order denying postconviction relief.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The judge instructed the jury as follows (Florida Standard Jury Instruction (Criminal) 2.17 (1976)):

The punishment provided by law for the crime of murder is greater if, as is charged in this case, the defendant, during the commission of such crime, carries a firearm. Should you find the defendant guilty of murder of any degree, it will be necessary for you to find in your verdict whether it has been proved beyond a reasonable doubt that the defendant, during the commission of the crime, did use a firearm.