DAMOORGIAN, J.
Appellants, Jerome and Bea Saver, pro se, appeal the trial court’s order granting final judgment of foreclosure in favor of Appellee, JP Morgan Chase Bank, National Association, as Acquirer of Certain Assets and Liabilities of Washington Mutual Bank From the Federal Deposit Insurance Corporation, Acting as Receiver (“JP Morgan”). We reverse.
The underlying cause is a foreclosure action. After being served with the foreclosure complaint, Appellants moved to dismiss the case for lack of standing. Appellants asserted in their motion that the complaint did not “allege or indicate that [JP Morgan] owns the note and mortgage which are the subjects of the [JP Morgan’s] Complaint.” JP Morgan moved for summary judgment, without establishing when it became the holder or owner of the note. On the day of the hearing on the motion for summary judgment, Appellants filed a response in which they again raised lack of standing. Nothing in-the record suggests that the trial court had the benefit of the response. The trial court entered summary judgment in favor of JP Morgan. Appellants moved for rehearing asserting that there were issues of material fact regarding JP Morgan’s standing to bring the cause of action. The trial court summarily denied the motion. This appeal follows.
A plaintiff seeking foreclosure in a mortgage proceeding must establish that it had standing to foreclose at the time it filed suit. McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012). A foreclosure plaintiff has standing so long as it was the holder of the mortgage at the time it filed suit. Id. If the plaintiffs name is not on the mortgage, it can establish standing by proving that the mortgage was either assigned or equitably transferred prior to the date it filed the complaint. Id. The following evidence is sufficient to establish standing in such a scenario: 1) a special endorsement on the note in favor of the plaintiff or a blank endorsement, 2) evidence of an assignment from the payee to the plaintiff, or 3) an affidavit of ownership. Id. at 174.
Here, JP Morgan’s affidavits were executed after it filed suit.-. Additionally, they did not state when JP Morgan became the *354 owner of the note nor did they indicate that JP Morgan was the owner of the note before it filed suit. Thus, JP Morgan failed to submit evidence that it held the mortgage at the time it filed suit, and the trial court erred in granting summary judgment in its favor.

Reversed and Remanded.

STEVENSON and CONNER, JJ., concur.