PALMER, J.
Dennis Delia (homeowner) appeals the final judgment of foreclosure entered by the trial court in favor of GMAC Mortgage Corporation (bank). Because the bank failed to introduce any evidence on the element of adequate protection for its lost, note, we reverse.
The bank filed a complaint against the homeowner seeking foreclosure of a mortgage on real property. At trial, the bank advised the court and the homeowner that it was not in possession of the loan documents and that it intended to re-establish the note and mortgage through testimony at trial. The bank then presented testimony related to the issue of how the loan documents became lost and to the issue of the authenticity of its copies of the loan documents.
The homeowner contends that the trial court reversibly erred in concluding that the bank sustained its burden of proving that it possessed standing to proceed on its lost note theory because the bank failed to submit any evidence on the issue of adequate protection. We agree.[1]
Section 673.3091, Florida Statutes (2013), governs the enforcement of lost notes:
673.3091. Enforcement of lost, destroyed, or stolen instrument
(1) A person not in possession of an instrument is entitled to enforce the instrument if:
(a)The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
(2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person’s right to enforce the instrument. If that proof is made, s. 673.3081 [proof of signatures and status as holder in due course] applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.
(Emphasis added). Section 702.11(1), Florida Statutes (2013), explains the concept of adequate protection:
702.11. Adequate protections for lost, destroyed, or stolen notes in mortgage foreclosure
(1) In connection with a mortgage foreclosure, the following constitute reason *556 able means of providing adequate protection under s. 673.3091, if so found by the court:
(a) A written indemnification agreement by a person reasonably believed sufficiently solvent to honor such an obligation;
(b) A surety bond;
(c) A letter of credit issued by a financial institution;
(d) A deposit of cash collateral with the clerk of the court; or
(e) Such other security as the court may deem appropriate under the circumstances.
Any security given shall be on terms and in amounts set by the court, for a time period through the running of the statute of limitations for enforcement of the underlying note, and conditioned to indemnify and hold harmless the maker of the note against any loss or damage, including principal, interest, and attorney fees and costs, that might occur by reason of a claim by another person to enforce the note. -
In this case, the bank failed to present any evidence on the issue of adequate protection. Accordingly, we are constrained to reverse the foreclosure judgment and to remand this matter for establishment of the lost note and mortgage. See Guerrero v. Chase Home Fin., LLC, 83 So.3d 970, 974 (Fla. 3d DCA 2012) (remanding for establishment of the lost note and mortgage when the bank failed to sustain its burden presenting evidence proving that the homeowners would be adequately protected against loss).
REVERSED and REMANDED.
SAWAYA and LAMBERT, JJ., concur.

. Although this argument is being raised for the first time on appeal, the homeowner’s failure to raise the issue below is not fatal to his appeal because rule 1.530(e) of the Florida Rules of Civil Procedure authorizes appellate review of the sufficiency of the evidence to support a judgment entered in a bench trial matter regardless of whether the issue was raised below. See Correa v. U.S. Bank N.A., 118 So.3d 952, 955 (Fla. 2d DCA 2013). Accord Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So.3d 280, 282, 2014 WL 2378662, 39 Fla. L. Weekly D1159 (Fla. 2d DCA May 30, 2014).