DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAMRA FIORITO,**
Appellant,

v.

**JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,** as purchaser of
the **WASHINGTON MUTUAL BANK,** f/k/a **WASHINGTON MUTUAL
BANK, P.A.,**
Appellee.

No. 4D13-2813

[August 26, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 502008CA033429.

Jonathan H. Kline, Weston, for appellant.

Susan Capote and Joseph D. Wargo of Wargo & French, LLP, Miami, for appellee.

DAMOORGIAN, J.

Appellant, Tamra Fiorito, appeals the trial court's entry of a final judgment of foreclosure in favor of JP Morgan Chase Bank, N.A. ("Chase") following a bench trial. We find merit in Appellant's argument that Chase failed to establish it had standing to foreclose when it filed its foreclosure complaint. Therefore, we reverse the final judgment and remand for entry of an order of involuntary dismissal. Because of our decision on the standing issue, Appellant's remaining issues are rendered moot.

On October 28, 2008, Chase filed a two count complaint against Appellant, alleging one count for mortgage foreclosure and one count for reestablishment of a lost note. Chase alleged that it was the current owner and holder of the promissory note and mortgage executed by Appellant in June of 2006. A copy of the note and mortgage were attached to the complaint, identifying Washington Mutual Bank, FA ("WAMU") as the original lender. The copy of the note attached to the complaint contained no endorsements or allonges. Chase later voluntarily dismissed its

reestablishment of a lost note count and filed what it identified as the original note and mortgage with the court. Unlike the note attached to the complaint, the original note contained an undated, blank endorsement from WAMU.

At the bench trial, Chase presented a home loan research officer as its only witness. The officer identified the original note, including the undated, blank endorsement by WAMU. The officer, however, was unable to testify as to when the endorsement was placed on the note, and further acknowledged it was possible that the endorsement was placed on the note *after* the filing of the complaint. At no point in time did the officer testify that Chase was the owner and holder of the note prior to the filing of the complaint. Both the note and mortgage were admitted into evidence without objection.

On appeal, Appellant argues that Chase's filing of the original note containing the undated, blank endorsement with the court, coupled with the officer's general testimony that Chase merged with WAMU in September of 2008, was insufficient to establish that Chase was the owner and holder of the note prior to the filing of the complaint. Chase counters that there is competent, substantial evidence of its authority to enforce the note based on the officer's testimony that Chase acquired WAMU in September of 2008, approximately one month prior to the filing of the complaint.

In *McLean v. JP Morgan Chase Bank National Ass'n*, we emphasized that "[a] crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" at the time it filed suit. 79 So. 3d 170, 173 (Fla. 4th DCA 2012); *see also Saver v. JP Morgan Chase Bank*, 114 So. 3d 352, 353 (Fla. 4th DCA 2013). As we outlined in *Saver*:

> A foreclosure plaintiff has standing so long as it was the holder of the mortgage at the time it filed suit. If the plaintiff's name is not on the mortgage, it can establish standing by proving that the mortgage was either assigned or equitably transferred prior to the date it filed the complaint. The following evidence is sufficient to establish standing in such a scenario: 1) a special endorsement on the note in favor of the plaintiff or a blank endorsement, 2) evidence of an assignment from the payee to the plaintiff, or 3) an affidavit of ownership.

114 So. 3d at 353 (citations omitted).

When a mortgage foreclosure case proceeds to a bench trial, the plaintiff bank need only present competent, substantial evidence that it has standing to foreclose. *See Stone v. BankUnited,* 115 So. 3d 411, 413 (Fla. 2d DCA 2013). A bank employee's trial testimony that the plaintiff bank owned the note before the inception of the lawsuit is sufficient to resolve the issue of standing. *See id.* (plaintiff bank provided competent, substantial evidence that it owned and held the note prior to the filing of the complaint based on its employee's testimony that the bank acquired ownership of the note and mortgage pursuant to a purchase assumption agreement); *see also Am. Home Mortg. Servicing, Inc. v. Bednarek,* 132 So. 3d 1222, 1223 (Fla. 2d DCA 2014).

As in the present case, "[w]here the plaintiff contends that its standing to foreclose derives from an endorsement of the note, the plaintiff must show that the endorsement occurred prior to the inception of the lawsuit." *McLean,* 79 So. 3d at 174. Chase failed to establish that the endorsement was placed on the note prior to the filing of the complaint. While Chase also could have established standing through its merger with WAMU, the officer's testimony fell short of establishing that Chase acquired all of WAMU's assets, including Appellant's note and mortgage, by virtue of the merger. The officer only testified that Chase merged with, and "took over," WAMU on September 25, 2008. The officer never testified that Chase acquired all or any of WAMU's assets, nor did he testify as to when Chase became the owner of the note. *Cf. Stone,* 115 So. 3d at 413 (bank employee specifically testified that the plaintiff bank acquired all of the prior bank's assets pursuant to a purchase assumption agreement). Thus, because Chase failed to establish when it became the owner of the note, the trial court erred in finding that Chase had standing to initiate the foreclosure action.

Accordingly, we reverse the final judgment and remand for entry of an order of involuntary dismissal of the foreclosure action.

*Reversed and remanded.*

GROSS, J. and HERSCH, RICHARD L., Associate Judge, concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**