NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


SCOTT BLITCH and BARBARA BLITCH,  )
                                  )
            Appellants,           )
                                  )
v.                                )       Case No. 2D14-4398
                                  )
FREEDOM MORTGAGE CORPORATION,     )
                                  )
            Appellee.             )
_____)

Opinion filed February 5, 2016.

Appeal from the Circuit Court for Pasco
County; Karl B. Grube, Associate Senior
Judge, and Wayne L. Cobb, Senior Judge.

Cindy Cumberbatch and Kendrick Almaguer
of The Ticktin Law Group, P.A., Deerfield
Beach, for Appellants.

Nancy M. Wallace and Diane G. DeWolf of
Akerman LLP, Tallahassee; and William P.
Heller of Akerman LLP, Fort Lauderdale, for
Appellee.


VILLANTI, Chief Judge.


          Scott and Barbara Blitch seek review of the final judgment of foreclosure

entered against them and in favor of Freedom Mortgage Corporation (the Bank).  We

reject without discussion the Blitches' arguments that the Bank failed to prove that it had

standing to foreclose and that the Bank failed to offer sufficient evidence to reestablish the lost note. However, because the final judgment reestablishes the lost note without providing adequate protection to the Blitches, we reverse and remand for entry of an amended final judgment that contains such protection.

The Bank filed a two-count complaint against the Blitches seeking to reestablish a lost promissory note and to foreclose on the mortgage that secured the note. To prove its claim for reestablishing the lost note, the Bank was required to show the following:

> (1) A person not in possession of an instrument is entitled to enforce the instrument if:
> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
> (2) A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, s. 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. <u>The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument</u>. Adequate protection may be provided by any reasonable means.

§ 673.3091, Fla. Stat. (2014) (emphasis added). As this statutory language makes clear, and contrary to the Blitches' argument here, adequate protection is not an

- 2 -

element of the Bank's prima facie case. Instead, it is a post-proof condition of the entry of the final judgment. See Fifth Third Bank v. Alaedin & Majdi Invs., Inc., No. 8:11-CV-2206-T-17TBM, 2012 WL 1137104, at *3 (M.D. Fla. Apr. 4, 2012) (noting that after the plaintiff showed that it was entitled to enforce the note at the time it lost the note, "the Court is required to address the issue of providing adequate protection to the defaulting party against loss that might occur if a claim were brought by another party to enforce the instrument"); see also Correa v. U.S. Bank Nat'l Ass'n, 118 So. 3d 952, 956 n.2 (Fla. 2d DCA 2013) (stating that "[i]f the court is concerned that another person might attempt to enforce the original note, it may require security in favor of the payor to ensure adequate protection" (emphasis added)); Beaumont v. Bank of New York Mellon, 81 So. 3d 553, 555 (Fla. 5th DCA 2012) (after discussing the deficiencies in the bank's proof, stating "[t]he trial court was also required to address the issue of providing adequate protection to Beaumont" (emphasis added)). Because the court's consideration of the issue of adequate protection is a condition of entering a judgment that reestablishes a lost note, its failure to provide adequate protection, or to make a finding that none is needed under the circumstances, requires reversal and remand for the court to consider the issue. See Delia v. GMAC Mortg. Corp., 161 So. 3d 554, 556 (Fla. 5th DCA 2014). Generally this post-proof condition is satisfied through a written indemnification agreement in the final judgment, the posting of a surety bond, a letter of credit, a deposit of cash collateral with the court, or "[s]uch other security as the court may deem appropriate under the circumstances." § 702.11(1)(e), Fla. Stat. (2014).

Here, the Bank proved at the bench trial that (1) it was entitled to enforce the note when the loss of possession occurred; (2) the loss of possession was not due

to a valid transfer or lawful seizure; and (3) it could no longer reasonably obtain possession of the note because it was lost while in the possession of its first law firm, which is no longer in existence. The Bank also presented evidence to establish the terms of the note and that it had the right to enforce it when it was lost. This evidence was sufficient to show that the Bank was entitled to reestablishment of the lost note. However, the trial court made no provision for adequate protection of the Blitches in the final judgment, nor did it determine that adequate protection was unnecessary in this case. This omission requires us to reverse the final judgment and remand for further proceedings, at which the court must address the means by which the Bank must satisfy this post-proof condition.

In this appeal, the Blitches contend that the Bank should not be allowed a "second bite at the apple" to provide evidence of the adequate protection it could provide. They contend that this court should instead simply remand for entry of judgment in their favor. However, that remedy is not compelled here and is inapposite to the plain language of the statute, which puts the burden on the court—not the parties—to address the issue of adequate protection. The Bank should not be penalized for the trial court's failure to discharge its duty to address this post-proof condition of the final judgment.[1]

---

[1]We recognize that this court stated in Correa that we will "not generally provide parties with an opportunity to retry their case upon a failure of proof." Correa, 118 So. 3d at 956 (quoting Morton's of Chicago, Inc. v. Lira, 48 So. 3d 76, 80 (Fla. 1st DCA 2010)). However, in Correa, the plaintiff bank failed to offer evidence to prove its prima facie case for reestablishment of the lost note. In that scenario, the holding of Correa controls. However, when the plaintiff bank proves its prima facie case for reestablishment of the lost note and the trial court, in turn, fails to address the issue of adequate protection, the holding of Correa dealing with the remedy for the plaintiff's failure of proof is simply inapplicable.

Moreover, at the bench trial, the Blitches did not argue that they were entitled to judgment in their favor due to the lack of any evidence of what adequate protection the Bank could provide nor did the Blitches request that the court provide them with adequate protection. The Blitches may not invite error by failing to request desired relief and then use the omission of that relief to obtain a reversal of the judgment. See Downs v. State, 977 So. 2d 572, 574 (Fla. 2007) ("[A] party may not invite error and then be heard to complain of that error on appeal." (quoting Cox v. State, 819 So. 2d 705, 712 (Fla. 2002))); see also Goodwin v. State, 751 So. 2d 537, 544 n.8 (Fla. 1999). Finally, when the Blitches did point out the error on rehearing, the trial court denied the motion without hearing argument, thus denying the Bank the opportunity to offer such protection. Given these facts, there simply is no applicability of a "second bite at the apple" argument, and the issue of adequate protection may be addressed on remand.

Accordingly, we reverse the final judgment and remand for entry of an amended final judgment that provides for adequate protection to the Blitches. If the trial court needs to take evidence on the appropriate means of providing such protection, it may do so.

Reversed and remanded for further proceedings.

CASANUEVA and MORRIS, JJ., Concur.