PER CURIAM.
Brian and Cynthia Poag appeal a final judgment reestablishing a lost note in favor of Nationstar Mortgage, LLC. The Poags' argue that Nationstar failed to prove reestablishment of the lost note under section 673.3091, Florida Statutes (2014). Because the evidence was insufficient to support reestablishment of the lost note, we reverse the final judgment.
The Poags, executed a promissory note on October 14, 2005, in favor of Na-tionstar. On September 18, 2012, Nations-tar filed a complaint to reestablish a lost note under section'673.3091, Florida Statutes, and for foreclosure on the rhortgage securing that lost note. Nationstar 'alleged that the Poags defaulted on the loan by failing to make the June 15, 2009 payment, as well as all subsequent payments. Nationstar alleged that it was in possession of the lost note and entitled to enforce it when the loss of possession occurred. A copy of the note (reflecting a blank endorsement) was attached to the complaint. Prior to trial, Nationstar was served with a request for admissions, which requested Nationstar to admit the following:
1. Admit that [Nationstar] was not in physical possession of the original Note endorsed in blank on the date of the inception of this lawsuit. ■
2. Admit thát the last entity in physical possession of the original Note was the Law Office of Marshall C. Watson, P.A.
3. Admit that Nationstar Mortgage, LLC was not in physical possession of the original Note when the loss of the possession of Note occurred.
*1004 4. Admit that [Nationstar] was not the “owner” of the subject Note on the date loss of the Note....
5. Admit that [Nationstar] is not the owner of the Note.
6. Admit that [Nationstar] did not send [the Poags] a letter in compliance with Paragraph 22 of the Mortgage prior to ■the inception of this lawsuit.
Nationstar failed to timely respond to the request for admissions. The foregoing requests were technically admitted pursuant to Florida Rule of Civil Procedure 1.370(a), which provides that.matters are admitted unless the party serves a written answer or objection within thirty days of service to the party requesting the admission. Fla. R. Civ. P. 1.370(a). Subdivision (b) outlines the effect of an admission under this rule, stating that the admission “is conclusively established unless the court on motion permits withdrawal or amendment of the admission.” Fla. R. Civ. P. 1.370(b). Although Nationstar sought relief from the admissions at the end of the bench trial through an ore tenus motion, the trial court denied relief, conclusively establishing the admissions.*
“A finding that a lost note is reestablished, under section 673.3091, Florida Statutes, is reversible upon the appellate court’s determination of a failure of proof.” Seidler v. Wells Fargo Bank, N.A., 179 So.3d 416, 417 (Fla. 1st DCA 2015) (citing Correa v. U.S. Bank, N.A., 118 So.3d 952 (Fla. 2d DCA 2013)). In order to prove a claim to reestablish a lost note, the party seeking reestablishment must meet the requirements under section 673.3091. See Blitch v. Freedom Mortg. Corp., 185 So.3d 645, 645-46 (Fla. 2d DCA 2016) (quoting § 673.3091, Fla. Stat. (2014)); see Correa, 118 So.3d at 955 (“For the requirements to reestablish a lost note we look to section 673.3091, Florida Statutes (2007).”). Section 673.3091 provides the requirements for entitlement to enforce a lost note as follows:
(1) A person not in possession of an instrument is entitled to enforce the instrument if:, (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred; (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and (c) The person cannot reasonably obtain possession of the instrument because the instrument was] destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amendable to sendee of process.
§ 673.3091(1), Fla. Stat. (2014). Under the first requirement of section 673.3091(1), Nationstar had to prove that it was entitled to enforce the note when loss of possession occurred. Section 673.3011, Florida Statutes (2014), defines a person entitled to enforce an instrument as “(1) The holder of the instrument; (2) A non-holder in possession of the instrument who has the rights of a holder; or (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).” § 673.3011, Fla. Stat. (2014).
Because the conclusively established admissions foreclose the ability to prove Na-tionstar was the bearer, holder, or possessor of the note in question, the trial court *1005 erred in finding that the evidence was sufficient to support reestablishment of the lost note. As such, the final judgment reestablishing, the lost note is reversed and remanded for judgment in' favor of Appellants.
WETHERELL and WINOKUR, JJ., concur; MAKAR, J., concurs with opinion.

 Nationstar has not cross-appealed the trial court's denial of its motion for relief from technical admissions.