IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PATRICK WALSH AND CATHERINE WALSH,

      Appellants,

 v.                                       Case No.  5D15-1898

BANK OF NEW YORK MELLON TRUST,
ETC., ET AL.,

      Appellees.

_____/

Opinion filed April 21, 2017

Appeal from the Circuit Court
for Lake County,
Carven D. Angel, Judge.

Mark P. Stopa, of Stopa Law Firm, Tampa,
for Appellants.

Matthew A. Ciccio, of Aldridge/Pite, LLP,
Delray Beach, for Appellee, Bank of New
York Mellon Trust.

No appearance for other appellees.

PALMER, J.

Patrick and Catherine Walsh (borrowers) appeal the trial court's final judgment of

foreclosure entered in favor of Bank of New York Trust (the bank). Determining that the

bank failed to prove standing, we reverse and remand for the entry of an involuntary

dismissal.

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (citations omitted). Additionally, a "party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing." Venture Holdings & Acquisitions Grp., LLC v. A.I.M Funding Grp., LLC, 75 So. 3d 773, 776 (Fla. 4th DCA 2011). Thus, in order to prove standing, the bank was required to introduce admissible evidence that it (or its agent) possessed a properly-indorsed note at the inception of the case. Focht v. Wells Fargo Bank, N.A, 124 So. 3d 308, 310-11 (Fla. 2d DCA 2013).

Here, the copy of the note attached to the original complaint did not contain any indorsements, and the copy of the note attached to the amended complaint contained an undated blank indorsement. Such proof was insufficient to demonstrate standing because "standing cannot be established by simply filing a note with an undated indorsement or allonge months after the original complaint was filed." Sorrell v. U.S. Bank Nat'l Ass'n, 198 So. 3d 845, 847 (Fla. 2d DCA 2016) (citing Focht, 124 So. 3d at 310; Cutler v. U.S. Bank Nat'l Ass'n, 109 So. 3d 224, 226 (Fla. 2d DCA 2012)). In addition to introducing the note, the bank presented a witness who testified that, based on his review of the business records, the bank had possession of the note at the time the bank filed its complaint. Yet, his testimony was not based on personal knowledge, but rather, on his review of a screenshot, which was not offered or admitted into evidence. Thus, that testimony was also insufficient to prove standing. Therefore, the trial court committed reversible error in entering final judgment of foreclosure in favor of the bank. See Gonzalez v. BAC Home Loans Servicing, L.P., 180 So. 3d 1106 (Fla. 5th DCA 2015) (holding that the testimony

of a witness regarding business records that are not entered into evidence at trial is insufficient to prove standing in a foreclosure case).

Accordingly, we reverse and remand for the entry of an involuntary dismissal. REVERSED and REMANDED.


COHEN, C.J., and SAWAYA, J., concur.

3