IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHARLES GREEN,

      Appellant,

 v.                                   Case No.  5D15-4413

GREEN TREE SERVICING, LLC,
COUNTRYWIDE HOME LOANS, INC.,
CAPITAL ONE BANK (USA), N.A. F/K/A
CAPITAL ONE BANK, CACV OF COLORADO, LLC,

      Appellees.

_____/

Opinion filed December 1, 2017

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Beau Bowin, of Bowin Law Group,
Indialantic, for Appellant.

Brandon S. Vesely, of Albertelli Law,
Tampa, for Appellee, Green Tree
Servicing, LLC.

No Appearance for other Appellees.


WALLIS, J.

      Charles Green ("Borrower") appeals the trial court's final foreclosure judgment in

favor of Green Tree Servicing, LLC ("Green Tree"). Because Green Tree did not establish

its standing to foreclose, we reverse and remand for the entry of an involuntary dismissal.

In 2004, Borrower executed and delivered a note and mortgage in favor of Countrywide Home Loans, Inc. ("CHL, Inc."). In December 2009, BAC Home Loans Servicing, LP ("BAC"), f/k/a Countrywide Home Loans Servicing, LP ("CHL Servicing, LP"), filed a foreclosure complaint against Borrower, alleging a January 2009 default date. BAC also alleged its status as loan servicer and holder of the note. To the complaint, BAC attached an unindorsed copy of the note. Borrower answered the complaint, denying BAC's ownership of the note, and asserted a lack of standing as an affirmative defense.

In 2012, the trial court granted BAC's motion to substitute Bank of America, N.A., its successor by merger, as plaintiff. Then, in April 2014, the trial court granted Bank of America's motion to substitute Green Tree as plaintiff, by virtue of assignment. In October 2014, Green Tree filed an amended complaint, once again alleging a January 2009 default date. In the amended complaint, Green Tree alleged its status as holder of the note and attached a copy of the note bearing an undated blank indorsement from CHL, Inc. In his answer, Borrower again raised BAC's lack of standing.

At trial, Green Tree called Christopher Lee, a foreclosure mediation specialist for Ditech Financial, LLC ("Ditech"), "formerly known as Green Tree Servicing LLC." The original note admitted into evidence at trial bore the same blank indorsement as the copy attached to the amended complaint. Lee testified that he had no knowledge of when CHL, Inc., indorsed the note, and provided no business records to indicate the date. Over Borrower's objection, the trial court admitted several merger documents, including an August 2015 certificate of merger between Green Tree and Ditech. The certificate of merger provided that "[t]he surviving limited liability company is Green Tree Servicing LLC," but then added that "[t]he name of the surviving limited liability company is hereby

2

amended to Ditech Financial LLC." Lee further testified that "Countrywide Home Loan Servicing was renamed BAC Home Loan Servicing" in April 2009, before the filing of the original complaint, but Green Tree presented no other evidence or testimony about any servicing agreements. After trial, the lower court entered final judgment of foreclosure for Green Tree.

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). We review a trial court's decision as to this standing requirement de novo. See Elsman v. HSBC Bank USA, 182 So. 3d 770, 771 (Fla. 5th DCA 2015). "[A] person entitled to enforce the note and foreclose on a mortgage is the holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce . . . ." Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 46 (Fla 5th DCA 2015) (citing § 673.2011, Fla. Stat. (2013)). Generally, "a party's standing is determined at the time the lawsuit was filed." McLean, 79 So. 3d at 173. Here, BAC's original complaint did not establish its holder status because it included only an unindorsed note payable to the original lender, CHL, Inc. Cf. § 671.201(21), Fla. Stat. (2015) (defining "holder" as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"). Thus, Green Tree properly concedes that its subsequent filing of the indorsed note with the amended complaint and at trial did not retroactively establish BAC's standing at the inception of the suit. See Walsh v. Bank of N.Y. Mellon Tr., 219 So. 3d 929, 930 (Fla. 5th DCA 2017).

Instead, Green Tree asserts that the merger between BAC and CHL Servicing, LP, established BAC's standing at the time of filing the original complaint. "[I]n order to prove standing to foreclose based upon a merger, the surviving entity must prove that it 'acquired all of [the absorbed entity's] assets, including [the] note and mortgage, by virtue of the merger.'" Vogel v. Wells Fargo Bank, N.A., 192 So. 3d 714, 716 (Fla. 4th DCA 2016) (quoting Fiorito v. JP Morgan Chase Bank, Nat'l Ass'n, 174 So. 3d 519, 521 (Fla. 4th DCA 2015)). Here, like the witness in Vogel, Green Tree's witness offered no explanation "as to why the copy of the note attached to the complaint . . . did not reflect the [i]ndorsements" and testified that he did not know when the blank indorsement was placed on the note. See id. at 716–17. Additionally, the witness testified primarily about Ditech's receipt of Green Tree's and BAC's business records but failed to address the transfer of the note to BAC pursuant to the merger. Thus, Green Tree failed to demonstrate that BAC acquired standing based on the merger. See id.

Further, the merger may not have established BAC's standing even with the necessary evidence at trial. The merger involved BAC and CHL Servicing, LP, while the original note listed CHL, Inc., as the original lender. Neither Green Tree nor its witness explained the relationship between these two distinct entities. Furthermore, throughout trial, Green Tree's counsel improperly conflated the two by referring to both as "Countrywide Home Loans," or simply "Countrywide." See Wisman v. Nationstar Mortg., LLC, 42 Fla. L. Weekly D2251, D2252 (Fla. 5th DCA Oct. 20, 2017) ("While Nationstar claims that CHL Inc., CHL Servicing, LP and BAC are the same entity, its own evidence demonstrates otherwise. . . . [T]he evidence fails to show that CHL Inc. was affiliated with either CHL Servicing, LP or BAC."). Thus, Green Tree unpersuasively argues that BAC

acquired possession of the note by way of the merger with CHL Servicing, Inc., which never held the note. See Vogel, 192 So. 3d at 716. Only on appeal does Green Tree argue that CHL Servicing, LP, had standing as the original servicer. However, the servicer relationship alone does not demonstrate standing to foreclose. See Rodriguez v. Wells Fargo Bank, N.A., 178 So. 3d 62, 63 (Fla. 4th DCA 2015).

Because none of Green Tree's purported predecessors had standing to foreclose at the inception of the case, the trial court erred by finding that Green Tree acquired standing to foreclose. See Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 190 (Fla. 2d DCA 2016). Accordingly, we reverse and remand for entry of an involuntary dismissal. See Walsh, 219 So. 3d at 930.

REVERSED and REMANDED with Instructions.

COHEN, C.J. and SAWAYA, J., concur.