IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN D. FIELDING,

      Appellant,

 v.                                   Case No.  5D16-440

PNC BANK NATIONAL ASSOCIATION,
SUCCESSOR BY MERGER TO NATIONAL
CITY BANK SUCCESSOR BY MERGER TO
FIDELITY FEDERAL BANK AND TRUST,
HARBOUR LIGHTS HOMEOWNERS ASSOCIATION, ET AL.,

      Appellees.

_____/

Opinion filed February 2, 2018

Appeal from the Circuit Court
for Brevard County,
Charles G. Crawford, Judge.

Beau Bowin, of Bowin Law Group,
Indialantic, for Appellant.

Gabriel M. Hartsell and William L. Grimsley,
of McGlinchey Stafford, Jacksonville, for
Appellee, PNC Bank National Association.

No Appearance for other Appellees.


WALLIS, J.

      John Fielding ("Borrower") appeals the entry of final judgment of foreclosure in

favor of PNC Bank, National Association, successor by merger to National City Bank,

successor by merger to Fidelity Federal Bank and Trust ("Appellee"). Because Appellee did not establish standing at the inception of the case, we reverse and remand with instructions for the trial court to enter an involuntary dismissal.[1]

In August 2003, Borrower executed a note and mortgage agreement with Fidelity Federal Bank and Trust ("Original Lender"). In April 2007, Original Lender converted to a national bank, assumed the name Fidelity Bank, National Association, and then merged into National City Bank ("NCB"). In July 2008, National City Mortgage ("NCM") filed a foreclosure complaint against Borrower. In November 2009, NCB merged with Appellee. In June 2010, NCM moved to substitute Appellee as plaintiff as the successor by merger to NCB, which was successor by merger with Original Lender.

At trial, Appellee called its records custodian, Omar Jerome, who testified that Original Lender merged with NCB and then NCB merged with Appellee. Jerome identified two documents relevant to the merger chain and central to this appeal: (1) a copy of the certificate of merger for Original Lender, Fidelity Federal Bank and Trust, renamed Fidelity Bank, to NCB; and (2) a copy of certificate of merger for NCB to Appellee from the comptroller of currency. The trial court ultimately entered a final judgment of foreclosure for Appellee.

"A trial court's decision as to whether a party has satisfied the standing requirement is reviewed de novo." Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 46 (Fla. 5th DCA 2015) (quoting Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 116 (Fla. 2011)). "A crucial element in any mortgage foreclosure proceeding is that the party seeking

---

[1] Because we reverse and remand on the issue of standing, we decline to address the remaining issues on appeal.

foreclosure must demonstrate that it has standing to foreclose." Id. at 45–46 (quoting McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)). "A foreclosure plaintiff must have standing at both the time when the foreclosure complaint is filed and when the final judgment is entered." Bowmar v. SunTrust Mortg., Inc., 188 So. 3d 986, 988 (Fla. 5th DCA 2016). "[T]he mortgage follows the note." US Bank, NA for Truman 2012 SC2 Title Tr. v. Glicken, 228 So. 3d 1194, 1196 (Fla. 5th DCA 2017). As such, a party entitled to enforce the note has standing to foreclose on a mortgage. Id.; Khan v. Bank of Am., N.A., 58 So. 3d 927, 928 (Fla. 5th DCA 2011).

According to Florida Statutes, a party entitled to enforce an instrument is: "(1) The holder of the instrument; (2) A nonholder in possession of the instrument who has the rights of a holder; or (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4)." § 673.3011, Fla. Stat. (2016). Holder is defined as, inter alia, "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Id. § 671.201.

The rights to enforce the note may be transferred through assignment, purchase, or other effective transfer. Segall v. Wachovia Bank, N.A., 192 So. 3d 1241, 1243 (Fla. 4th DCA 2016). "One type of such an 'effective transfer' is a corporate merger, whereby a surviving entity may enforce the note and mortgage of the predecessor." Id. When a merger becomes effective, the party corporations of the merger merge into the surviving corporation, and the surviving corporation owns all real estate and other property and is liable for all the liabilities and responsibilities of each corporation party to the merger. § 607.1106, Fla. Stat. (2016). However, to establish standing by merger in a foreclosure

3

action, "the surviving entity [must] prove that it 'acquired all of [the absorbed entity's] assets, including [the] note and mortgage, by virtue of the merger.'" Segall, 192 So. 3d at 1245 (quoting Fiorito v. JP Morgan Chase Bank, Nat'l Ass'n, 174 So. 3d 519, 521 (Fla. 4th DCA 2015)).

Here, NCM filed its initial complaint of foreclosure with a lost note count and attached a copy of the note payable to Original Lender. Borrower raised standing as an affirmative defense. To establish standing at the inception of the case, Appellee must show that NCM, its predecessor, was entitled to enforce the lost note at the time NCM filed the complaint. See Bowmar, 188 So. 3d at 988. Appellee failed to provide evidence of NCM's entitlement to enforce the note. Instead, Appellee established that Original Lender merged with NCB, which then merged with Appellee, leaving NCM out of the merger chain at trial. Based on the trial evidence, NCM has no connection to Original Lender, NCB, or Appellee.[2]

Our court has recently held, on multiple occasions, that banks must establish and explain the relationship between the entities in the entire chain of mergers in order to establish standing. See, e.g., Green v. Green Tree Servicing, LLC, 230 So. 3d 989, 991 (Fla. 5th DCA 2017) ("The merger involved BAC and CHL Servicing, LP, while the original

---

[2] Appellee asserts that Borrower did not properly preserve this precise issue for review. However, we find the issue reviewable pursuant to Florida Rule of Civil Procedure 1.530(e). "Under the plain language of the rule, when there has been a nonjury trial and the appellate issue is the sufficiency of the evidence to support the judgment, the failure to object based on the insufficiency of the evidence will not bar raising that issue on appeal." Winchel v. PennyMac Corp., 222 So. 3d 639, 644 (Fla. 2d DCA 2017). Here, the issue goes to the sufficiency of the evidence because Appellee became obligated to prove its standing in order to win when Borrower raised standing in his answer. See id.; see also Delia v. GMAC Mortg. Corp., 161 So. 3d 554, 555 n.1 (Fla. 5th DCA 2014); Lacombe v. Deutsche Bank Nat'l Tr. Co., 149 So. 3d 152, 153 (Fla. 1st DCA 2014).

4

note listed CHL, Inc., as the original lender. Neither Green Tree nor its witness explained the relationship between these two distinct entities."); Wisman v. Nationstar Mortg., LLC, 42 Fla. L. Weekly D2251, D2252 (Fla. 5th DCA Oct. 20, 2017) ("While Nationstar claims that CHL Inc., CHL Servicing, LP and BAC are the same entity, its own evidence demonstrates otherwise. . . . [T]he evidence fails to show that CHL Inc. was affiliated with either CHL Servicing, LP or BAC."). Therefore, this absence of proof is fatal to establishing standing. See Green, 230 So. 3d at 991; Wisman, 42 Fla. L. Weekly at D2252; Bowmar, 188 So. 3d at 988. Accordingly, we reverse and remand with instructions for the trial court to enter an involuntary dismissal.

REVERSED and REMANDED with Instructions.

COHEN, C.J. and ORFINGER, J., concur.